## In re PETERSILGE.

### No. 64390.

District Court, N. D. Ohio, E. D.

Nov. 1, 1946.

Theodore Spilka, of Cleveland, Ohio, trustee.

Marvin Gardner, of Cleveland, Ohio, for trustee.

Leckie, McCreary, Schlitz & Hinslea, of Cleveland, Ohio, for bankrupt.

Sol Fetterman, Attorney, Sales Tax Department, Office of Atty. Gen., for the State of Ohio.

WOODS, Referee.

The Department of Taxation of the State of Ohio, by its Tax Commissioner, under date of September 10, 1946, assessed sales taxes against bankrupt for the period of July 1, 1942, to May 24, 1946, in the amount of $251.40, 15% penalty $37.77, total $289.-57. The claim is for priority and is made under Sec. 5546-9a, as amended, of the Ohio General Code and was filed in this proceeding on September 18, 1946.

Marvin L. Gardner, trustee in bankruptcy, objected to the allowance of said claim and hearing on the claim and the objection was had which the trustee attended with the bankrupt and the State of Ohio was represented by counsel.

The relevant statute is Section 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, which states:

"The debts to have priority * * * and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: * * * And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court * * *."

From the evidence it appears that bankrupt had conducted a pharmacy for many years at the same location and that with the shifting of population, his business from a profitable one in the twenties had dwindled until it became a losing venture. The bankrupt testified that he had carefully made out his semi-annual returns to the Department of Taxation each year as shown by the books of the business. The last return filed before bankruptcy was for the last half of 1945 and as the voluntary petition was filed on May 24, 1946, the return for the last half year was not due until July 1, 1946, or thereafter.

The proof offered for the Department of Taxation claim is that a deficiency has long existed in the payment of the sales tax of bankrupt but claim is only made from July 1, 1942, as prior thereto is barred by the Limitations Statute. The computation of the tax due is made in the method

authorized by the Statute and presents a prima facie case. The assessment claimed by the State is for the period from January 1 to May 24, the date of bankruptcy and for shortages due to the difference in the amount paid by bankrupt in the prior years and the amount now claimed by the State as due for shortages in the payment by bankrupt since July 1, 1942. The prima facie case for the State depends upon an estimate made by its agent in which he figured one half-year period on vendor's records of sales and estimated or projected the amount of difference for the prior years plus what the amount of tax should be for the current unpaid year. Having thus estimated the total tax from the period of limitation date, he deducted the payments made by vendor for the same period. By this estimate the agent arrived at a balance due of $289.57 which includes penalty.

The testimony to contradict this is that of the bankrupt vendor who is an elderly gentleman and has conducted the pharmacy business for many years in this store. He testifies that each half year he made out the return and paid the tax promptly and there was never any question from the State authorities as to the amount of payment. When he became bankrupt on May 24th last in the midst of the period for which tax should be paid, there was no tax return due, he having paid for all of the prior years as he computed the amount and to which the State had not objected. Shortly after bankruptcy and the closing of the store he made a computation for the amount due the State from January 1, 1946, to May 24, 1946, and this paper was offered in evidence, being computed on the blank No. 1818312 received for "Petersilges Pharmacy" and which is offered as trustee's exhibit and attached to the trustee's brief. His computation shows that the tax due for the period until the closing of the store was $50.73. He was cross examined as to the computation and there is no proof offered by the State that it is incorrect.

In this situation the court is confronted with prima facie case made by the State based upon an estimate made by one of its agents. To overcome the prima facie case is the testimony of the bankrupt who was quite familiar with his business and whose reports have been properly made and accepted by the State in prior years. At least there is no evidence to the contrary except as appears by the dispute in this proceeding.

Counsel for the State urge that the presumption of the prima facie case can only be overcome by the showing of the records of the bankrupt. When questioned as to this bankrupt stated that the records of the sales for many years were in the store when he became bankrupt and remained there until after the sale of the business by the trustee. Later when he went to get these records after possession of the store had been surrendered, he was told by the new owner that they had been destroyed as useless papers. Fortunately, after bankruptcy and before destruction of said papers he had prepared the paper which is an exhibit showing the amount due for tax for the current half year.

■ Counsel for the State relies upon Obert v. Evatt, 144 Ohio St. 492, 59 N.E.2d 931, in which it is held that the recovery may be had for sales tax from a vendor in cases where the vendor failed to keep records or because of the nature of the vendor's business it was impractical for him to keep such records. There is a long discussion of the rule and it is also discussed in State ex rel. v. Evatt, 144 Ohio St. 65, 56 N.E.2d 265. The facts of the present case do not bring it within the rule of State v. Evatt, supra, for the reason that the proof of the prima facie case offered by the State is only a computation or estimate of the taxes which might have been due from this vendor who is now bankrupt. Against this is the testimony of the bankrupt who knew the facts and made a computation from the sales slips and business all within his knowledge and resulted in a different computation than that made by the State agent. In such case where the testimony of the bankrupt is worthy of belief the presumption of the estimate is overcome and the proof of actual facts controls over an estimate.

■ The rule is stated in 17 Ohio Jurisprudence 35. The legislature has power to prescribe rules of evidence and has also power to prescribe methods of proof.

The rules may establish what shall constitute prima facie evidence but must provide that an adverse party shall be given opportunity to contest such claim in court. See Bowland v. Wolfe Bros. Shoe Co., 5 Ohio N.P.,N.S., 170, which is also a tax case. This power of the legislature includes the power to enact that a relevant circumstance shall be presumptive evidence of an alleged fact, Hammond v. State, 78 Ohio St. 15, 84 N.E. 416, 15 L.R.A.,N.S., 906, 125 Am. St.Rep. 684, 14 Ann.Cas. 732, but such rule is not without its limitations. Again from 17 Ohio Jurisprudence 115, the burden of proof in meeting a prima facie case is satisfied by facts established which are other than an estimate. Also any claim of the State for a penalty is barred by Sec. 57, sub. j, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j.

The finding is that the objections of the trustee to the claim are sustained in part and overruled in part, to the effect that the amount of $50.73 as computed by the bankrupt vendor is the correct tax and claim will be allowed for that amount and overruled as to the balance.